ANDRANIK TSARUKYAN (SBN 258241)
Andy@remedylawgroup.com
ARMEN ZENJIRYAN (SBN 261073)
Armen@remedylawgroup.com
**REMEDY LAW GROUP LLP**
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502
Tel: (818) 632-4730

Attorneys for Plaintiff,
**JOHN SAPONARO**

Brian L. Johnsrud (SBN 184474)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA  94301-2777
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail: bjohnsrud@duanemorris.com

Sarah A. Gilbert (SBN 312865)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA  92101
Telephone: +1 619 744-2200
Fax: +1 619 744-2201
E-mail:   sagilbert@duanemorris.com

Attorney for Defendants
**FELD ENTERTAINMENT, INC. and
FELD MOTOR SPROTS, INC.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SAPONARO, an individual, | Case No.: 2:25-cv-05272-MRA-RAO |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | **Scheduling Conference:** |
| FELD ENTERTAINMENT, INC., a Delaware corporation; FELD MOTOR SPORTS, INC., and Does 1 through 50, inclusive, | Date: September 8, 2025<br>Time: 1:30 PM<br>Courtroom: 9B |
| Defendants. | Trial Date: None Set<br>Original Complaint Filed: May 8, 2025<br>Removal: June 10, 2025<br>Motion to Dismiss: July 1, 2025 |

1

Answer: September 2, 2025
Final Pretrial Conference (proposed): August 31, 2026

**TO THE HONORABLE COURT**:

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, Rule 26(f), Central District Local Rule 26-1, and this Court's Order Setting Scheduling Conference, counsel for Plaintiff JOHN SAPONARO ("Plaintiff") and counsel for Defendants FELD ENTERTAINMENT, INC. and FELD MOTOR SPORTS, INC. (collectively, "Defendants") submit the following Joint 26(f) report. Plaintiff and Defendants shall collectively be referred to as the "Parties."

On July 2, 2025 and August 20, 2025, the Parties, through their respective counsel, conducted a meet and confer regarding the Parties' discovery plan and this Joint Report. The Parties discussed the nature and basis of the claims, the appropriate settlement conference procedure, as well as the order of discovery, among other things.

1. **Statement of the Case:**

   **Plaintiff's Position**:

Defendants produce and present various live entertainment shows in both major and secondary markets throughout the country as well as overseas, among other things. Defendants hired Plaintiff as a host for various monster truck motorsports events in or about September 2016. Plaintiff remained in that role, with increasing seniority and responsibilities, eventually becoming one of Defendants' two main hosts, until his wrongful termination on or about November 18, 2024. Due to the significant requirements and demands placed on Plaintiff by Defendants, as alleged in more detail in the complaint, Plaintiff worked an egregious number of hours and, at other times,

was required to be "on call" at the whims of Defendants. This effectively caused Plaintiff to work for compensation that effectively was less than a minimum wage. Moreover, Defendants did not provide meal periods or rest breaks as required by California law and obstructed Plaintiff from taking such breaks.

Plaintiff complained to various members of Defendants' leadership team about Defendants' failure to provide meal breaks or meals, his compensation given the significant demands placed on him, and the working conditions. Defendants' response was that Plaintiff had to "tough it out."

In or about September 2024, during the 2024 election season, Plaintiff posted two videos to his personal social media accounts endorsing then-presidential candidate Kamala Harris and identifying what he viewed as inconsistencies in Donald Trump's campaign policies and conduct. A few days later, Senior Director for Global Operations Dalsing and Director of Operations Andrew Palochko directed Plaintiff to remove the videos because Defendants found them problematic. Defendants targeted Plaintiff because of his left-leaning political position. After the 2024 presidential election results were finalized and Trump was confirmed the winner of the election, Plaintiff posted a video to his personal social media account about his disappointment and frustration with the election results. Within days, on or about November 18, 2024, Defendant terminated Plaintiff's employment effective immediately because of the anti-Trump video Plaintiff posted on his personal social media account.

Defendants wrongfully terminated and retaliated against Plaintiff because of Plaintiff's political speech as well as his prior complaints regarding wages, failure to provide meal periods and rest breaks and poor working conditions.

**Defendants' Position**:

Defendants deny Plaintiff's allegations of alleged wrongdoing. From October 2016 through August 2017, Plaintiff was brought on as a part-time contracted announcer for Defendant Feld Motor Sports, Inc. After his part-time contract ended, Defendant Feld

Motor Sports Inc. brought Plaintiff on as a contracted announcer, along with other announcers, for various terms from November 2017 through November 2024, when his latest contract was terminated because his conduct contravened the terms and conditions of his employment agreement. Plaintiff has never been employed by or provided any services to Defendant Feld Entertainment Inc.

In November 2024, Plaintiff – a host of some of Defendant Feld Motor Sprots Inc.'s live motor sports events produced across the country – posted to his TikTok account two videos over three minutes in length, verbally berating any and all viewers who voted for President Trump and repeatedly telling them to "go fuck" themselves, and leveling insults at their intelligence, referring to them as "pieces of shit," "morons," "dumb," and "functionally illiterate." Plaintiff's public social media outburst contained no less than 20 expletives.

Defendant Feld Motor Sports Inc. produces and presents live family-entertainment shows which cater to adults and children of all ages. Plaintiff's employment agreement obligated him to act in a professional manner consistent with Defendant Feld Motor Sports Inc.'s wholesome and positive family values in the public eye, and reserved "sole discretion" to terminate Plaintiff's employment should he fail to abide by the detailed and clear set of performance standards set forth in his agreement.

Plaintiff was terminated because of his unprofessional, crass and utterly offensive public social media post, which contravened the terms and conditions of his employment agreement, and undermined the family-friendly, positive and wholesome entertainment upon which Defendant Feld Motor Sports Inc. has built its company's reputation.

On June 10, 2025, Defendants removed this case to the United States District Court for the Central District of California.

On August 18, 2025, Defendants' Motion to Dismiss was denied. Defendants shall file their respective Answers to the Complaint on September 2, 2025.

**2. Subject Matter Jurisdiction:**

Defendants removed this action to Federal Court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1). At the time of filing, (i) Plaintiff was a citizen of the United States and the state of California, and (ii) Defendants are corporations organized under the laws of the State of Delaware with corporate headquarters located in Palmetto, Florida. The damages sought by Plaintiff, including compensatory, general and special damages, establish that the amount in controversy more likely than not exceeds $75,000.

Plaintiff does not dispute that the Court has diversity jurisdiction.

**3. Legal Issues:**

The Parties are not aware of and do not anticipate any unusual substantive, procedural, or evidentiary issues.

The parties identify the following key legal issues:

- The extent to which Plaintiff may seek relief under California law since much of his work was performed outside of California;
- Whether Defendants paid Plaintiff for all work performed for them in accordance with Cal. Labor Code Sections 201 and 204;
- Whether Defendants paid Plaintiff minimum wages pursuant to Cal. Labor Code Sections 1182, 1194, and 1197, based on the total number of hours Plaintiff worked for them and the pay he actually received;
- Whether Defendants paid Plaintiff overtime wages pursuant to Cal. Labor Code Sections 510, 1194, and 1197;
- Whether Defendants failed provide meal periods and rest breaks to Plaintiff pursuant to Cal. Labor Code Sections 226.7 and 512;
- Whether Defendants provided accurate itemized wage statements pursuant to Cal. Labor Code Section 226;
- Whether Defendants timely paid all wages in accordance with Cal. Labor Code Sections 201 and 203;

- Whether Defendants engaged in unfair or unlawful business practices in violation of Cal. Business and Professions Code Section 17200, et seq.;
- Whether Defendants wrongfully terminated Plaintiff in violation of public policy;
- Whether Defendants retaliated against Plaintiff in violation of Cal. Labor Code Section 1102.5;
- Whether Defendants violated Cal. Labor Code Sections 1101 and 1102 and retaliated against Plaintiff for political speech;
- Whether Defendants intentionally caused emotional distress to Plaintiff;
- Whether Feld Entertainment, Inc. is a properly named defendant; and
- Whether any of Plaintiff's claims are barred in part or whole by the First Amendment (U.S. Const. amend. I).

4. **Parties, Evidence Etc.:**

Parties

(i) Plaintiff John Saponaro;

(ii) Defendant Feld Entertainment Inc.;

(iii) Defendant Feld Motor Sports, Inc.

For conflicts purposes, other than the named parties, Defendants have no other subsidiaries, parents, and affiliates material to this action.

Evidence

This matter is in the preliminary stages and the Parties are still in the process of identifying potential witnesses and relevant evidence.

**Plaintiff's Position**

Currently, the witnesses will include:

i. Plaintiff;

ii. Current and former employees of Defendants, who have knowledge of Plaintiff's employment with Defendants, including without limitation:

- Jayme Dalsing
- Andrew Palochko
- Lisa Zeiler Joiner

   iii. Third party witnesses, including any subsequent employers and healthcare providers who have knowledge of Plaintiff's alleged damages and efforts to mitigate such damages.

Currently, the evidence to be presented will include:

a. Defendant's employee and personnel handbook and policies;

b. Documentation regarding Plaintiff's job performance and disciplinary record;

c. Documentation regarding the reasons for Plaintiff's termination of employment;

d. Documentation regarding Plaintiff's internal complaints and subsequent investigations of the same;

e. Email and text communications for the above witnesses (custodians) subject to applicable search terms and other protocols for Electronically Stored Information ("ESI").

**Defendants Position**

Defendants anticipate the following percipient witnesses:

   i. Plaintiff John Saponaro;

   ii. Jayme Dalsing;

   iii. Harry Sugarman; and

   iv. Andrew Palochko.

Defendants anticipate that key evidence in this action will include written communications and other documents concerning Plaintiff's unprofessional, crass and offensive behavior which contravened the terms and conditions of his employment agreement, and undermined the family-friendly, positive and wholesome

entertainment upon which Defendant Feld Motor Sports Inc. has built its company's reputation.

5. **Damages:**

   **Plaintiff's Position**:

It is difficult and pre-mature at this early, pre-discovery stage of litigation to accurately assess damages. Plaintiff asserts that the potential liability for Plaintiff's individual claims, if proven, greatly exceed $75,000.

   **Defendant's Position**:

Defendants deny that Plaintiff is entitled to the relief requested or any relief.

6. **Insurance:**

Defendants maintain certain insurance coverage for up to $5,000,000 and may have a reservation of rights.

7. **Motions (Procedural and Dispositive):**

   a) **Procedural Motions.**

On July 1, 2025, Defendants filed a motion to dismiss,. On July 28, 2025, Plaintiff filed an opposition to the motion to dismiss, which the Court heard on August 18, 2025. The Court denied the motion.

Defendant Feld Entertainment, Inc. anticipates filing a Motion for Judgement on the Pleadings to the extent it is not dismissed from this case.

   b) **Dispositive Motions**

Plaintiff reserves the right to file a dispositive motion but does not currently intend to do so.

Defendants intend to file a motion for summary judgment

   c) **Class Certification Motion.**

The Parties agree that this is not applicable to this action.

**8. Manual for Complex Litigation:**

The Parties do not believe the procedures in the Manual for Complex Litigation are applicable to this single-plaintiff employment action.

**9. Discovery**

**(a) Status of Discovery:**

Parties have not yet commenced formal discovery because of Defendants' motion to dismiss. In light of the Court's ruling on that motion to dismiss, the Parties intend to commence formal discovery within 30 days of the filing of this joint report.

**(b) Discovery Plan:**

Because of the motion to dismiss and the Court's rulings on that motion, the Parties shall exchange initial disclosures on September 15, 2025, which is 21 days from the date of this joint report. The Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

The Parties will propound written discovery after receiving the initial disclosures. The initial written discovery will comply with the FRCP. Depositions will proceed by way of noticed depositions and should not exceed the time or length limitations imposed pursuant to the FRCP, unless by court order or the parties' stipulation. As mentioned above, Plaintiff anticipates the need for conducting discovery of Electronically Stored Information ("ESI"), such as emails and text messages, and will work with Defendants' counsel to formalize an ESI protocol, which will outline custodians, applicable date ranges, and search terms. The Parties agree that the number of interrogatories, requests for admissions, and requests for production of documents, as well as number and length of depositions, shall be as set forth in the Federal Rules of Civil Procedure. The Parties also anticipate entering a stipulated protective order. The Parties are not currently aware of the need for any other court orders regarding at this time.

**(c) Discovery Cut-off:**

At this time, the Parties believe that non-expert discovery will be completed by March 16, 2026.

**(d) Expert Discovery:**

The Parties agree that expert discovery should be completed by May 25, 2026.

**(e) Settlement Conference / Alternative Dispute Resolution ("ADR"):**

On April 23, 2025, counsel for Plaintiff communicated a pre-litigation settlement demand.

The Parties preference is attending private mediation.

**(f) Trial**

    **i. Trial Estimate.**

The Parties estimate that the time required for trial is four to five days because of the number of issues and witnesses involved in the case, as described in the Complaint.

    **ii. Jury or Court Trial.**

The trial will be by jury.

    **iii. Consent to Trial before a Magistrate Judge**

The Parties do not agree to try the case before a magistrate judge.

    **iv. Lead Trial Counsel**

Trial counsel for Plaintiff is Andranik Tsarukyan and Armen Zenjiryan Trial counsel for Defendant is Brian L. Johnsrud, Annabel Pollioni and Sarah Gilbert.

**(g) Independent Expert or Master:**

Not applicable to this case.

**(h) Other Issues**

No other issues have been identified at this time.

Dated: August 25, 2025

REMEDY LAW GROUP LLP

*Andy Tsarukyan*
ANDRANIK TSARUKYAN
ARMEN ZENJIRYAN

Attorneys for Plaintiff John Saponaro

Dated: August 25, 2025

DUANE MORRIS LLP

Brian L. Johnsrud
Sarah A. Gilbert

Attorney for Defendants Feld Entertainment, Inc. and Feld Motor Sports, Inc.

**APPENDIX A**
JUDGE MÓNICA RAMÍREZ ALMADANI
<u>SCHEDULE OF PRETRIAL DATES WORKSHEET</u>

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
**The Court <u>ORDERS</u> the parties to make every effort to agree on dates.**

| **Case No.** 2:25-cv-05272-MRA-RAO | **Case Name:** Saponaro v. Feld Entertainment, Inc., et al. | | |
|---|---|---|---|
| **Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| <mark>Check one:</mark>  ■ Jury Trial   or   ☐ Court Trial *[The Court sets the trial date at the Final Pretrial Conference]* Estimated Duration, in days: <mark>5</mark> | | NA | NA |
| Final Pretrial Conference ("FPTC") [L.R. 16] *[Monday at 3:00 p.m., within 12 months of Scheduling Conference]* | | 08/31/2026 | |
| **Event**[1] *Note:* Hearings must be on Mondays at 1:30 p.m. Other dates can be any day of the week. | **Weeks Before FPTC**[2] | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Opposition to Motions in Limine Filing Deadline | 3 | 08/10/2026 | |
| Motions in Limine Filing Deadline | 4 | 08/03/2026 | |
| Settlement Conference Completion Date [L.R. 16-15] <mark>Select one:</mark> ☐ Mag. Judge ☐ Panel ■ Private | 5 | 07/27/2026 | |
| Last Date to **HEAR** <u>Daubert</u> Motions *[Monday]* | 8 | 07/06/2026 | |
| Last Date to **HEAR** Non-Discovery Motions *[Monday]* (*see* Procedures page for Rule 56 Motion deadlines) | 12 | 06/08/2026 | |
| Expert Discovery Cut-Off | 14 | 05/25/2026 | |
| Expert Disclosure (Rebuttal) | 17 | 05/04/2026 | |
| Expert Disclosure (Initial) | 21 | 04/06/2026 | |
| Non-Expert Discovery Cut-Off (no later than deadline for <u>*filing*</u> dispositive motions) | 24 | 03/16/2026 | |
| Last Date to <u>Hear</u> Motions to Amend Pleadings/Add Parties *[Monday 90 days after Rule 16 Scheduling Conference]* | X | 12/08/2025 | |

---

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[2] This is the Court's recommended default timeline for certain events. The parties may propose alternate dates based on the needs of each individual case.